USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 0 4 2019

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

ELIAS HERBERT HAFEN,
    a/k/a "Elias Niggebrugge,"

        Defendant.

- - - - - - - - - - - - - - - - X

INFORMATION

19 CRIM 637

Judge Hellerstein

## COUNT ONE
(Investment Adviser Fraud)

The United States Attorney charges:

RELEVANT ENTITIES AND INDIVIDUALS

1.  At all times relevant to this Information, Firm-1 was an investment bank and a dually registered investment adviser and broker-dealer, headquartered in New York, New York. At all times relevant to this Information, Firm-1 was registered with the United States Securities and Exchange Commission (the "SEC") as an investment adviser.

2.  At all times relevant to this Information, Firm-2 was an investment bank and a dually registered investment adviser and broker-dealer, headquartered in San Francisco, California, with a regional office in, among other places, New York, New York. At all times relevant to this Information, Firm-2 was registered with the SEC as an investment adviser.

1

3. From at least September 2013 to in or about March 2018, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, was an investment adviser and broker at the Manhattan office of Firm-1.

4. In or about March 2018, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, left Firm-1 and began working as an investment adviser and broker at the Manhattan office of Firm-2. Many of HAFEN's clients at Firm-1 moved with him to Firm-2.

5. At all times relevant to this Information, HAFEN was registered with the SEC as an investment adviser representative.

## OVERVIEW OF THE FRAUDULENT SCHEME

6. From at least in or about September 2013 through in or about 2019, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, while acting as an investment adviser at Firm-1 and Firm-2, defrauded at least eleven of his clients and their family members (the "Victims") by inducing the Victims to wire money to HAFEN's personal bank account based on HAFEN'S false and misleading representations that the money was to be invested in securities. In truth and in fact, however, and as HAFEN well knew, there were no securities in which HAFEN was investing Victim funds; instead, HAFEN was misappropriating the funds for his own personal use.

## HAFEN INDUCES CLIENTS TO "INVEST" IN NON-EXISTENT SECURITIES

7. From at least in or about August 2013, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, represented to certain of his clients that he had access to a special investment fund that was not associated with the investment firm at which he worked (the "Purported Securities").

8. ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, represented that the Purported Securities involved a relatively high rate of return but relatively low risk. More specifically, HAFEN represented to multiple of the Victims, in substance and in part, that the Purported Securities involved a guaranteed return of between 6% and 8%.

9. For example, in one email to a close relative of multiple Victims, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, described the Purported Securities as follows:

> Investment: short term loans
> Term: 3 years w/optional annual creditor put
> Feb.15 - approximately 7 months until put exercise/maturity
> Rate: 6% floor non annualized with floating rate increase provision - approximately 10.3% annualized
> Protection: first loss protection/ senior position
> Payment: annual interest payment (Feb.15); full principle (upon put option exercise each Feb.15)
> Penalty: 1.5% per month after 30 days late
> Can be terminated by debtor prematurely with full annual interest payment
> This is safe, secure, and boring.

10. ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, advised Victims that they should invest in the Purported Securities. For example, in one email to a victim, HAFEN wrote that his "advice" was "to allocate" a certain sum of money to the investment fund, and that he and the victim would later "review the situation and determine whether we feel comfortable adding a little more."

11. In order to prevent his employer from detecting his fraud, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, instructed Victims to address all correspondence regarding the Purported Securities to HAFEN's personal email account, rather than his business email account.

12. For example, in one email sent from his personal email account, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, stated:

> For accounting purposes and memorialization, all correspondence should transpire through this email address.

13. After ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, fraudulently induced Victims to wire money to his personal bank account, HAFEN perpetuated the falsehood that the Victims' money had been invested in securities by, in some cases, providing Victims with an "Investor's Statement" from "E&N Investments," which purported to provide the Victim with an

update on the investment in the Purported Securities. For example, the "Investor's Statements" included data for specific quarters including "Contribution" amounts, "Distribution" amounts, "Net Profit/(Loss)" amounts, and "Balance" amounts. The "Investor's Statements" also instructed Victims that "If you have any questions regarding this correspondence, please contact your Client Service representative."

14. In truth and in fact, however, and as ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, well knew, "E&N Investments" is a fictitious entity, the Victims' money had never been placed into any securities, and the "Investor's Statements" were fabricated documents intended to mislead Victims into believing that HAFEN had invested their funds as promised.

### HAFEN CONVERTS INVESTOR FUNDS TO HIS PERSONAL USE

15. ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, instructed Victims to wire funds to be invested in the Purported Securities to his personal checking account, purportedly so that HAFEN could invest the money on behalf of the Victims as promised.

16. In truth and in fact, however, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, never invested the Victims' funds in any securities as promised. Rather, HAFEN used the Victims' funds to, among other things, fund his and his

immediate family's personal expenses, such as expensive artwork, custom-made men's accessories, credit card bills, mortgage payments, student loans, and car lease payments.

## STATUTORY ALLEGATIONS

17. From at least in or about August 2013 through in or about 2019, in the Southern District of New York and elsewhere, ELIAS HERBERT HAFEN, a/k/a "Elias Niggebrugge," the defendant, acting as an investment adviser with respect to his clients, willfully and knowingly did use the mails and other means and instrumentalities of interstate commerce, directly and indirectly, (a) to employ a device, scheme, and artifice to defraud clients and prospective clients; (b) to engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients; and (c) to engage in an act, practice, and course of business which was fraudulent, deceptive, and manipulative, to wit, HAFEN fraudulently induced clients to invest in purported securities through material misrepresentations and omissions and then misappropriated those investor funds for his own purposes.

(Title 15, United States Code, Sections 80b-6 and 80b-17; and Title 18, United States Code, Section 2.)

## **FORFEITURE ALLEGATION**

18. As a result of committing the offense alleged in Count One of this Information, ELIAS HERBERT HAFEN, a/k/a "Elias

Niggebrugge," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
         Title 21, United States Code, Section 853;
      Title 28, United States Code, Section 2461.)

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**ELIAS HERBERT HAFEN,**
a/k/a "Elias Niggebrugge,"

Defendant.

---

**INFORMATION**

19 Cr. _____

(15 U.S.C. §§ 80b-6, 80b-17;
18 U.S.C. § 2.)


GEOFFREY S. BERMAN
United States Attorney

---