```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
UNITED STATES OF AMERICA,                                      :   ORDER DENYING MOTION
                                                               :   FOR COMPASSIONATE
       -against-                                               :   RELEASE
                                                               :
ELIAS HERBERT HAFEN,                                           :   19 Cr. 637 (AKH)
                                                               :
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Elias Herbert Hafen moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 38. Hafen contends that his current health conditions and the COVID-19 pandemic constitute "extraordinary and compelling" circumstances warranting compassionate release. The Government opposes, arguing Hafen has not demonstrated "extraordinary and compelling" reasons justifying release, and that the 18 U.S.C. § 3553(a) sentencing factors weigh against a reduction in sentence. For the reasons discussed below, Hafen's motion is denied.

## BACKGROUND

        On September 4, 2019, Hafen plead guilty to one count of securities fraud in violation of 15 U.S.C §§ 80b-6 and 80b-17. Specifically, Count One charged Hafen, who was an investment advisor, with defrauding 11 of his clients into investing roughly $1.6 million into a non-existent investment vehicle. Rather than invest the victims' money, as Hafen represented he was doing, he misappropriated the would-be investments and used them for his own expenses. In addition to inducing his victims to make an initial investment, Hafen manufactured "Investor's Statements" that purported to show the status of investments and how they had performed.

Hafen took those and other steps to conceal his fraud and prevent his victims from discovering that their money was not invested as Hafen had represented.

On February 4, 2020, I sentenced Hafen to a below-guidelines sentence of 30 months' imprisonment. Although the applicable guidelines sentence was 46 to 57 months' imprisonment, I considered that Hafen's voluntary restitution of roughly $500,000, the low likelihood of recidivism, and Hafen's medical history and risks of heart disease weighed in favor of a 30-month sentence. *See* Sent. Tr. at 20:11–21:2. I also imposed three years of supervised release, but provided that if Hafen could repay his remaining victims in the amount of $745,000, the three years would be reduced to two, so long as the probation office did not object.

Subsequently, the COVID-19 pandemic began. In light of the severity of the pandemic and Hafen's medical conditions, I granted three requests for Hafen to delay the date by which he was required to report to the Bureau of Prisons (BOP). However, I denied his fourth such request and ordered him to report to the place designated by the BOP by November 4, 2020. *See* ECF No. 34. Hafen is now in custody at FCI Hazelton and his expected release date is December 19, 2022. Since he began serving his sentence, Hafen has contracted COVID and received the Pfizer vaccine. He also reports that he has experienced chest pains, shortness of breath, and other symptoms connected to his history of heart disease. Relatedly, Hafen maintains he has not received adequate medical care at FCI Hazelton. On May 10, 2021, Hafen filed a request for compassionate release with the warden of FCI Hazelton, which was denied on May 26, 2021. On November 23, 2021, Hafen moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes Hafen's request. *See* ECF No. 340.

## DISCUSSION

### I. Legal Standard

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F.Supp.3d 613, 614 (S.D.N.Y. 2020). Section 3582 of Title 18 of the U.S. Code provides one such exception by permitting a court to modify a term of imprisonment "upon motion of the defendant" if the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence only if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In so doing, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Daugerdas*, --- F. Supp. 3d ---, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). "However, courts remain free—even after *Brooker*—to look to § 1B1.13 for guidance in the exercise of their discretion." *United States v. Burman*, 2021 WL 681401, at *5 (S.D.N.Y. Feb. 21, 2021) (internal

3

quotation marks omitted); *see also United States v. Seng*, 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021).

The relevant policy statement provides that a reduction is permitted if "[e]xtraordinary and compelling reasons warrant the reduction" and "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. So far as is pertinent here, the Application Notes to that policy statement provide that a defendant can make a showing of an "extraordinary and compelling reason" by demonstrating severe medical infirmity as follows:

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1. The moving party bears the burden of proving that extraordinary and compelling reasons exist. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)) ("A

4

party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *see also United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("[I]f the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.") (quoting *Butler*, 970 F.2d at 1026); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

## II.  A Sentence Reduction is Not Warranted for Hafen

Hafen is unable to meet his burden to show that "extraordinary and compelling reasons" and the Section 3553(a) factors warrant reducing his sentence. To begin, Hafen has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified. In support of his motion, Hafen argues that the combination of COVID-19, his medical history, and the BOP's inability to provide medical treatment is an extraordinary and compelling justification for release. The factors Hafen identifies—taken individually or collectively—do not constitute an extraordinary and compelling rationale for a reduction in sentence.

### A. COVID-19 & Hafen's Medical Conditions

Serious as the COVID-19 pandemic is, Hafen's situation does not constitute an extraordinary and compelling circumstance. Specifically, Hafen claims he suffers from multiple medical conditions—including a history of coronary artery disease and pulmonary embolism— that justify his release. Although the Government does not downplay the severity of the pandemic, it points out that Hafen has already contracted COVID-19 and is fully vaccinated. Additionally, the Government represents that FCI Hazelton has taken significant steps to control COVID-19. Op. Br. at 5.

I agree with other courts in this circuit that have found "the risk of COVID-19 for a vaccinated individual"—even one with Hafen's medical history—"is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." *United States v. Jones*, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); *see also United States v. Fernandez*, 2021 WL 5304320, at *3 (Nov. 15, 2021) (finding vaccination sufficient to guard against risk of COVID, even in light of the Delta variant); *United States v. Garcia* 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) (no extraordinary circumstances based on COVID rick because of the efficacy of vaccines).

I consider that Hafen had been diagnosed with serious medical conditions, including heart conditions such as ectasia, and has a history of pulmonary embolism. *See* People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited June 9, 2022). Given that Hafen has already contracted COVID and received a vaccine, the risk to his health is sufficiently limited. While "[t]he current COVID-19 pandemic is an unprecedented worldwide catastrophe . . . it does not warrant the early release of sentenced inmates in federal prisons . . . whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" *United States v. Mood*, 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"). Additionally, the conditions universally applicable to all inmates at a given facility, including conditions instituted during the pandemic, do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020). In any case, the Government

represents that the Hazelton facility has made significant progress in its response to the virus,[1] which cuts against any potential finding that Hafen's medical conditions in the context of the pandemic constitute an extraordinary and compelling reason for release.

Likewise, Hafen has not demonstrated that the BOP cannot adequately address his medical needs. Although Hafen may be able to acquire more attentive care outside a BOP facility, that does not render the conditions of his current confinement "extraordinary and compelling." Hafen's motion itself recognizes that he has received medical care, despite the fact that it may not be the precise care he wishes to receive. *See* Def. Br. at 21–22. Although I recognize Hafen suffers from serious medical conditions, he "has not shown that his medical issues are sufficiently serious to modify his sentence." *United States v. Zubkov*, 460 F.Supp.3d 450, 457 (S.D.NY. 2020) (denying compassionate release to inmate who continued to receive medical care sufficient to address then-existing health issues). Of course, should Hafen's health conditions worsen considerably, FCI Hazelton should respond accordingly. *See id.*; *United States v. Russo*, 454 F.Supp.3d 270, 279-80 (S.D.N.Y. Apr. 14, 2020).

### B. Consideration of the Section 3553(a) Factors

Even assuming Hafen had demonstrated extraordinary and compelling circumstances, I cannot conclude that release is proper. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (weighing of Section 3553(a) factors can constitute independent reason for denying motion pursuant to 18 U.S.C. § 3582(c)(1)(A)). Weighing the Section 3553(a) factors, I find that reducing Hafen's sentence would fail to "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment." 18 U.S.C. § 3553(a).

---

[1] The Government represents that conditions at FCI Hazelton have improved. At the time of the Government's submission, there were only twelve active COVID cases at FCI Hazelton. *See* Opp. Ltr. at 5. As of this writing, FCI Hazelton appears to have only one active case. *See* COVID-19, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 9, 2022).

Most significantly, I already took into account Hafen's age, medical history, other personal characteristics, and risks associated with incarceration when I sentenced him. In light of the same considerations that Hafen argues justify early release, I sentenced Hafen to a below-guidelines sentence of 30 months' imprisonment, even though the guidelines range was 46 to 57 months' imprisonment. Additionally, in the early days of the pandemic, I allowed Hafen to delay his entry date three times before ordering him to begin serving his sentence. "A further reduction in [Hafen's] already significantly reduced sentence would tend to undermine the sentencing goals" and is not warranted in these circumstances. *United States v. Goode*, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020). Additionally, the nature of the crimes weighs against early release. Hafen engaged in a years-long scheme to defraud investors and abused his position of trust to do so. As a result, Hafen's victims lost hundreds of thousands of dollars in life savings; those savings those may never be repaid.

Releasing Hafen after he has served only approximately 19 months of his sentence would disserve the important aims of accurately reflecting the seriousness of the offense and deterring future financial crimes. As I stated at sentencing, a sentence of less than 30 months would "tend to make light of the seriousness of the crime" and would risk compromising deterrence of other financial crimes. Sent. Tr. at 20:23–24. Likewise, as I held in denying Defendant's ultimate request to delay his reporting date, "Defendant committed serious crimes over a seven year period. Like other people who commit serious crimes, he must serve his term." Order Denying Request to Adjourn, ECF No. 34, at 1. Accordingly, for the same reasons that necessitated Hafen's 30-month sentence, which I incorporate by reference herein, I find that modifying his term of incarceration would disserve the above important sentencing factors.

## CONCLUSION

In sum, Hafen's motion to reduce his sentence is denied. Accordingly, the Clerk shall terminate ECF No. 38.

SO ORDERED.

Dated:     June 10, 2022                              /s/ Alvin K. Hellerstein
           New York, New York                      ALVIN K. HELLERSTEIN
                                                                        United States District Judge